Where an administratrix had claimed to be the widow of the intestate, but her marriage to him was void because she had a husband living, and intestate, on discovering that fact, left her, and married another woman, the letters of administration will be revoked on the petition of the latter woman.

In the matter of the estate of Charles H. Ward, deceased. Motion to revoke letters of administration granted.

Howard O. Patterson, for petitioner.
Martin Byrnes, for respondent.

CHURCH, S. In the application to revoke letters of administration given to Jane Ward, who claimed to be the widow of the deceased, it appears that she was married a number of years ago to one Kingsbury, who subsequently became insane, and afterwards, in 1902, she intermarried with the deceased, notwithstanding that the said Kingsbury was still· living. Under these circumstances, her marriage to the deceased was an absolute nullity; and, upon the deceased being informed of this fact, he refused to live any longer with her and subsequently married the petitioner herein. Despite these facts, the said Jane Ward applied for letters of administration, concealing such facts from the court.

In opposition to this proceeding, she attempts to assert that, at the time she was married to the deceased, she believed her previous husband (Kingsbury) to be dead. Her affidavit on this matter, however, merely states conclusions, and does not show that she ever made any honest attempt to ascertain whether he was dead or alive. She was living with him in Brooklyn and, when he became insane, he was incarcerated in the Flatbush asylum, but it is claimed he was afterward removed to Kings Park. It is not shown that she ever inquired from time to time as to his condition at the Flatbush asylum, nor is there any suggestion that she ever inquired as to whether he was living or dead. It appears rather, to the contrary, that upon his incarceration in such asylum she paid no further attention to the fact that he was her husband, but contracted her marriage with the deceased without any

attempt to ascertain if she had any legal right to do so. While this conduct was reprehensible, yet, when the fact that her first husband was living had become definitely established, and the deceased had repudiated his marriage with her, her action in obtaining letters of administration by concealing such facts was a deliberate fraud upon the court, and upon the rights of the next of kin of the deceased. The application to revoke her letters is granted, with $50 costs, payable by the administratrix personally.

Application granted, with $50 costs.

---

(50 Misc. Rep. 495.)

### In re O'HARA'S ESTATE.

(Surrogate's Court, New York County. May, 1906.)

EXECUTORS AND ADMINISTRATORS—DISALLOWANCE OF CLAIM—REMAND TO REFEREE.